**FILED**
**Apr 18, 2019**
**02:08 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| Darrell B. Morton, | ) | Docket No.: 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 |
| Employee, | ) | |
| v. | ) | |
| Alexian Village of Tennessee, | ) | State File No.: 6329-2016 |
| Employer, | ) | |
| And | ) | |
| Ascension Health, | ) | Judge Audrey Headrick |
| Self-Insured Parent Co. | ) | |

### EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

This matter came before the Court on Darrell B. Morton's Request for an Expedited Hearing on the record.[1] Alexian Village accepted Mr. Morton's right-shoulder injury as work-related but denied the referral for his right-cubital tunnel syndrome. The issue is whether Mr. Morton is likely to establish at trial that he is entitled to medical and temporary disability benefits for his cubital tunnel syndrome. For the reasons below, the Court awards medical benefits but denies his claim for temporary disability benefits.

### History of Claim

While working as a bus driver at Alexian Village on January 20, 2016, Mr. Morton slipped on an icy sidewalk injuring his right arm. Alexian Village provided a panel, and Mr. Morton selected orthopedist Dr. Todd Bell. Between March 2016 and October 2017, Dr. Bell performed three shoulder surgeries for his rotator cuff tear.

Mr. Morton returned to Dr. Bell on March 8, 2018, five months after his third surgery. Dr. Bell observed that Mr. Morton "complains of continued numbness/tingling along the ulnar side of the hand." Although Mr. Morton's August 2017 EMG/NCS

---

[1] The Court issued a docketing notice allowing the parties until April 9 to file objections or submit position statements. Alexian Village did not request an evidentiary hearing, and the Court determined it needed no additional evidence to decide the issue.

1

showed right cubital tunnel syndrome, his office note showed the "onset date" as March 8, 2018. Dr. Bell ordered a "hand surgery referral" for the cubital tunnel syndrome.

Alexian Village requested Utilization Review (UR), and a reviewing physician issued a report on March 19. After reviewing a "Referral Form dated 3/8/18 signed by Dr. Bell," a "Final Report dated 8/17/17," and a "Referral Order dated 3/8/18," the doctor determined the referral was not medically necessary. He relied on two bases. First, the EMG/NCS described the cubital tunnel syndrome as an incidental finding. Second, "[t]here is no documentation of the claimant having any complaints regarding the ulnar nerve distribution and if he is not symptomatic, a cubital tunnel referral would be unnecessary." Based on the UR opinion, Alexian Village denied the referral.

Dr. Bell then scheduled Mr. Morton to see his colleague, Dr. Justin Arnold. Dr. Arnold reported Mr. Morton complained of almost constant right-hand numbness and tingling as well as some pain.[2] He diagnosed Mr. Morton with cubital tunnel syndrome and recommended surgery, which Alexian Village and Mr. Morton's private insurance denied.

In a December 2018 affidavit, Dr. Arnold addressed causation by concluding that Mr. Morton's cubital tunnel syndrome and resulting need for surgery arose primarily out of his work-related fall on January 20, 2016. Dr. Arnold also stated he is not at maximum medical improvement (MMI) for his cubital tunnel syndrome and "is temporarily partially disabled."[3]

Alexian Village then sent Dr. Bell a causation letter. Dr. Bell responded that he did "not have a medical opinion on his cubital tunnel syndrome" and deferred "to the opinion of a qualified hand surgeon." Alexian Village provided a panel of three hand specialists in March, but Mr. Morton declined to select from it.

Mr. Morton asked the Court to order Alexian Village to designate Dr. Arnold as a treating physician, the recommended surgery, reinstated temporary disability benefits, and attorneys' fees and costs.

Alexian Village disputed Mr. Morton's requests. It argued Dr. Bell did not notify it of a direct referral to Dr. Arnold; therefore, it does not have to provide treatment recommended by Dr. Arnold because he is not an authorized treating physician. Further,

---

[2] Alexian Village acknowledged it inadvertently paid for two bills from Dr. Arnold, who is in the same practice as Dr. Bell. Mr. Morton submitted a billing summary that reflects Dr. Arnold's outstanding charges and the charges inadvertently paid.

[3] Dr. Bell placed Mr. Morton at MMI on August 18, 2018, and Alexian Village stopped paying temporary disability benefits.

it contended the issue of temporary disability benefits cannot be determined until after causation is addressed by an authorized treating physician.

**Findings of Fact and Conclusions of Law**

*Standard Applied*

To prevail at an expedited hearing, Mr. Morton must provide sufficient evidence to show he would likely to prevail at a hearing on the merits in proving his claim for medical and temporary disability benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018). The Court holds he would likely prevail in his claim for medical benefits but not temporary disability benefits.

*Medical Benefits*

Alexian Village must provide Mr. Morton "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident." Tenn. Code Ann. § 50-6-204(a)(1)(A). Likewise, any treatment recommended by the authorized treating physician "shall be presumed to be necessary for treatment of the injured employee." *Id.* at -204(a)(3)(H). Here, Dr. Bell, the panel physician, recommended a hand surgeon referral for Mr. Morton's cubital tunnel syndrome. The law presumes the referral was medically necessary.

However, the law also provides a UR system that permits the employer to retain a physician to perform a record review and determine the medical necessity of any "recommended treatment," including referrals for treatment. *See generally* Tenn. Code Ann. § 50-6-124; Tenn. Comp. R. & Regs. 0800-02-06-.01 (Jan. 2017); *Id.* at 0800-02-06-.03(1). Here, Alexian Village denied Dr. Bell's referral based on a UR review. While the reviewing physician denied the referral in part because the cubital tunnel syndrome was an "incidental finding," he also incorrectly stated there was "no documentation of [Mr. Morton] having any complaints regarding the ulnar nerve distribution." Dr. Bell's March 8 office note reflects that Mr. Morton "complains of continued numbness/tingling along the ulnar side of the hand." Therefore, the Court gives little weight to the UR determination.

Dr. Bell, the panel physician, referred Mr. Morton to a hand surgeon, and Alexian denied it, at which time Dr. Bell referred him to Dr. Arnold for unauthorized treatment. Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) states that an employer is deemed to have accepted a referral to a specialist unless the employer provides a panel of specialists to the employee within three business days. When such a referral is made, the referral physician becomes the treating physician until treatment concludes and the employee is referred back to the panel physician. *See* Tenn. Code Ann. § 50-6-204(a)(3)(E).

3

Alexian Village neither provided a panel nor sought to address causation until it received Dr. Arnold's opinion in December 2018. It then attempted to obtain Dr. Bell's opinion and, after receiving his referral, offered Mr. Morton a panel of hand surgeons a year after the referral. Once Alexian Village denied the cubital tunnel syndrome portion of the claim, it ran the risk that it might later face responsibility for treatment obtained by Mr. Morton. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 (Mar. 27, 2015). Given the record, the Court holds Mr. Morton is likely to prove at trial that he is entitled to additional medical treatment with Dr. Arnold, including surgery, for his cubital tunnel syndrome.

*Temporary Disability Benefits*

Mr. Morton also requested temporary disability benefits. To receive temporary total disability benefits, he must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection exists between the injury and his inability to work; and (3) the duration of his disability. *Jones v. Crencor Leasing and Sales*, TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Concerning temporary partial disability benefits, Mr. Morton is eligible for benefits if he earned less than his average weekly wage due to work restrictions. *See* Tenn. Code Ann. § 50-6-207(2)(A).

Although Dr. Bell placed Mr. Morton at MMI for his right shoulder injury, Dr. Arnold stated he is not at MMI for his cubital tunnel syndrome. Dr. Arnold also stated that Mr. Morton "is temporarily partially disabled," which is a legal conclusion. His medical records are silent regarding which, if any, restrictions he placed on Mr. Morton. Therefore, Mr. Morton's request for temporary disability benefits is denied at this time.

*Attorneys' Fees*

Ms. Morton's counsel requested attorneys' fees under Tennessee Code Annotated section 50-6-226(d)(1)(B). This statute does not set a time for attorneys' fee awards, but the Appeals Board stated:

> Given the uncertainties inherent in litigation, the limited issues typically addressed at expedited hearings, the fact that discovery and medical proof often are incomplete at an interlocutory stage of a case, the standard of proof that applies at expedited hearings, and the fact that a trial judge's determinations at an interlocutory hearing are subject to change at any time prior to the entry of a final compensation hearing order, a decision to award attorneys' fees and expenses at an interlocutory stage of a case should be made only in extremely limited circumstances.

*Thompson v. Comcast Corp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *28-29 (Jan. 30, 2018). The Court holds this case does not fall within "extremely limited

4

circumstances" to justify an award of attorneys' fees at this interlocutory stage. Thus, the Court denies this request at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Morton's request for temporary disability benefits is denied at this time.

2. Mr. Morton's request for an award of attorneys' fees and costs is denied at this time.

3. Dr. Arnold is designated as Mr. Morton's treating physician for treatment of his work-related right-cubital tunnel syndrome. Alexian Village shall provide Mr. Morton additional medical treatment, including the recommended surgery, for his right cubital tunnel syndrome under Tennessee Code Annotated section 50-6-204. Further, Alexian Village shall pay all medical expenses incurred through Dr. Arnold's treatment of his work-related injury.

4. This matter is set for a Status Hearing on Wednesday, June 19, 2019, at 1:00 p.m. Eastern Time. You must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call may result in a determination of the issues without your participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED April 18, 2019.**

**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

# APPENDIX

Exhibits:
1. Affidavit of Darrell Morton
2. Affidavit of Justin Arnold, M.D.
3. Panel
4. Medical records of Center for Sports Medicine
5. Billing records of Center for Sports Medicine
6. Medical records of Dr. Tareck Kadrie
7. Demand notice
8. January 25, 2016 Physicians Care note
9. Affidavit of Stephanie Parker
10. Second opinion
11. Peer Review Report
12. December 7, 2018 letter
13. December 12, 2018 letter
14. January 11, 2019 letter
15. February 12, 2019 response of Dr. Bell
16. March 7, 2019 letter with panel
17. March 8, 2019 e-mail


Technical record:
1. Petition for Benefit Determination (PBD)
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Brief Supporting PBD
5. Notice of No Objection
6. Docketing Notice
7. Employer's Statement

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on April 18, 2019.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Tim Henshaw, Employee's Attorney | | X | tim@mcmahanlawfirm.com |
| Lee Anne Murray, Employer's Attorney | | X | leeamurray@feeneymurray.com sheila@feeneymurray.com |

_Penny Shrum_   w/permission P

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

_____

**Employee**

v.

_____

**Employer**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐  Temporary disability benefits
☐  Medical benefits for current injury
☐  Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the _____ day of _____, 20 ___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental   $ _____ per month

Groceries       $ _____ per month    Telephone      $ _____ per month

Electricity        $ _____ per month    School Supplies $ _____ per month

Water            $ _____ per month    Clothing        $ _____ per month

Gas             $ _____ per month    Child Care      $ _____ per month

Transportation $ _____ per month    Child Support   $ _____ per month

Car             $_____ per month

Other          $ _____ per month (describe: _____ )

10. Assets:

Automobile          $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House              $ _____    (FMV) _____

Other              $ _____    Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                        RDA 11082